Glen Moss, by his next friend, H. A. Moss, Appellant v. C. H. Williams, as Administrator of the Estate of P. J. Clarke, Deceased, Appellee.

**Estates of decedents:** claims: preference. Labor claims to which a preference is given by the provisions of Code, section 4019, do not include those filed in probate against the estate of a deceased person.

*Appeal from Butler District Court.*—Hon. J. J. Clark, Judge.

Tuesday, November 14, 1911.

Plaintiff filed a claim in probate against the estate of P. J. Clarke, deceased, and asked that it be established and given a preference in the payment of claims.   The administrator admitted the claim, but denied plaintiff's right to be treated as a preferred creditor. The trial court allowed the claim, but refused to give it preference over those of other creditors, and plaintiff appeals.—*Affirmed.*

*C. M. Greene,* for appellant.

*M. Hartness,* for appellee.

Weaver, J.—The plaintiff's claim is for labor performed by him for the deceased during the lifetime of the latter, and within ninety days preceding the appointment of the administrator. The appraised value of the estate is but $1,600, while the admitted liabilities to general creditors amount to about $13,000. The plaintiff's demand for preference is founded upon Code, section 4019. That section, so far as it affects the present case, reads as follows: "When the property of any company, corporation, firm, or person shall be seized upon by any process of any court, or placed in the hands of a receiver, trustee or assignee, for the purpose of paying or securing the payment· of the debts of such company, corporation, firm or person, the debts owing to employees for labor performed within ninety days next preceding the seizure or transfer of such property to an amount not exceeding one hundred dollars to each person shall be a preferred debt and paid in full. . . ."

To give the statute the effect claimed for it by the plaintiff would necessitate a forced and unnatural construction of the language employed, which we are not willing to sanction. As ordinarily understood by lawyers, the "seizure" of property by "process of court" has reference to the taking possession thereof by an officer under attachment or execution, or other appropriate writ or order of a court. An administrator does not "seize" the property of his intestate. The legal title to the property is in him. The letters issued to him by the court are evidence of that title, but they have no effect as a writ or other process; and if any person denies his right, or resists him in assuming possession, he must bring his action to recover the same, just as must every other person whose property rights are thus invaded.

Section 4019 is not found in our probate statute, and makes no reference thereto; and, while the mere fact of its location or position in the Code does not necessarily control its application, it is a significant circumstance, which should be accorded due weight, when we consider that no reference is expressly made to administrators, or to the settlement of estates.

It may be true, as counsel says, that there is just as much reason for giving preference to labor claims in the one case as in the other, but that is an argument to be addressed to the Legislature, and not to the court. We must look to the statute as it is written, and doing so we are compelled to hold that plaintiff does not bring himself within its terms.

The judgment below was right, and it is *affirmed*.